**Below is the Order of the Court.**



**Brian D. Lynch**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

1

2

3

4

5

6

7

8

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

9

In re:

10

Tatyana Lysyy,

11

12                    Debtor.

13

Case No. 23-41811-BDL

**Order Granting in Part and
Denying in Part Motion for
Relief From Automatic Stay**

14      Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the

15   Impac Secured Assets Corp. Mortgage Pass-Through Certificates Series 2007-1 (the

16   "Creditor") filed a motion for relief from stay in the above-captioned bankruptcy case on

17   November 1, 2023 (the "Motion"). ECF. No. 14. In the Motion, the Creditor seeks relief

18   from the automatic stay and the co-debtor stay pursuant to 11 U.S.C. § 362(d)(1) and *in*

19   *rem* relief pursuant to 11 U.S.C. § 362(d)(4) to allow the Creditor to recover on a note

20   and deed of trust on the Debtor's property located at 12921 SE 318th Way Auburn, WA

21   98092 (the "Property"). The Creditor alleges that it lacks adequate protection because

22   the Debtor and her non-filing spouse have been in default since 2010 and there is little

23   to no equity in the Property.

24      In response to the Motion, the Debtor Tatyana Lysyy filed a motion to dismiss the

25   Motion (ECF No. 17) as well as a formal response to the Motion (ECF No. 27)

— 1 —

(collectively, the "Response"). In the Response, the Debtor requests that the Motion be denied, inter alia, because the Creditor lacks constitutional and prudential standing because it is not the holder of the note or the beneficiary of the deed of trust. The Creditor filed a reply to the Response, countering the Debtor's representations and maintaining that it is the valid holder of the note. ECF No. 24.

The Court held a hearing on the Motion on November 27, 2023 (the "Hearing"). Counsel for the Creditor and the Debtor both appeared at the Hearing. The Court made an oral ruling at the Hearing overruling the Debtor's Response and granting in part, and denying in part, the Motion, which is incorporated herein by reference.

Therefore, it is hereby

ORDERED:

1. that pursuant to 11 U.S.C. § 362(d)(1), the Creditor is granted relief from the stay to litigate the issues regarding the Property in the pending state court action in King County Superior Court, Case No. 22-2-11294-8KNT;

2. that pursuant to 11 U.S.C. § 362(d)(1), the Creditor is denied relief from the stay to proceed with foreclosure on the Property at this time; and

3. that the Creditor is denied *in rem* relief under 11 U.S.C. § 362(d)(4) as it pertains to the Property.

///End of Order///

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR
RELIEF FROM AUTOMATIC STAY